[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12727
Non-Argument Calendar
_____

Agency No. A205-634-432

LESLY PATROSINIA GUEVARA-TORRES,
a.k.a. Lelsy Maribel Guevara-Arias,
a.k.a. Lelsy Guevara-Torres,
a.k.a. Elsy Maribel Guevara-Arias,
JORDY ALEJANDRO VELASQUEZ-GUEVARA,
DENINSON JORDANY BACA-GUEVARA,

                                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 12, 2020)

Before WILLIAM PRYOR, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Lesly Guevara-Torres and her two children petition for review of the order of the Board of Immigration Appeals affirming the denial of her applications for asylum and withholding of removal. Guevara-Torres argues that the Board erred in concluding that her particular social group—Honduran women exposed to gender-based violence because of the male-dominated society—was not cognizable under the Immigration and Nationality Act, and she argues that she suffered past persecution and has a well-founded fear of future persecution. We dismiss in part and deny in part her petition for review.

If a petitioner fails to exhaust her administrative remedies for a claim for relief, we lack jurisdiction to consider the claim even when the Board addresses it *sua sponte*. 8 U.S.C. § 1252(d)(1); *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250–51 (11th Cir. 2006).

The Board did not err in concluding that Guevara-Torres failed to establish her status as a refugee under the Act by membership in a "particular social group." In *Castillo-Arias v. U.S. Attorney General*, we deferred to the administrative criteria for establishing a cognizable social group, including that the members of the group share a common characteristic that is immutable or fundamental to their individual identities or consciences. 446 F.3d 1190, 1196–97 (11th Cir. 2006). And

2

we explained that a social group should not be defined so broadly that it becomes "a catch all for all groups who might claim persecution." *See id.* at 1196–98. A particular social group cannot be defined by the underlying harm asserted as persecution. *Amezcua-Preciado v. U.S. Att'y Gen.*, 943 F.3d 1337, 1345 (11th Cir. 2019). The Board correctly concluded that Guevara-Torres's alleged social group lacked particularity, is not socially distinct, and is defined by the risk of harm asserted by her as persecution. As a result, we deny her petition in part. And because Guevara-Torres failed to exhaust her arguments about suffering past persecution or having a well-founded fear of future persecution, we lack jurisdiction to consider them and dismiss her petition in part.

**PETITION DENIED IN PART, DISMISSED IN PART.**